UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ALEXIS BRYAN**                          **CASE NO. 6:19-CV-00671**

**VERSUS**                                **JUDGE JUNEAU**

**U. S. COMMISSIONER OF SOCIAL**          **MAGISTRATE JUDGE**
**SECURITY**                              **WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be REMANDED.

### ADMINISTRATIVE PROCEEDINGS

The issue before the Court is whether the Appeals Council properly dismissed the claimant's request for Appeals Council review. At the time of her appeal, the claimant was twenty-three years old and began receiving SSI as a child on November 25, 2008. She has twelve years of education and no work experience.[1]

At the age of twenty, on April 29, 2016, the claimant was notified that her benefits would cease due to the following:

> The medical evidence shows she has some learning problems, but she is able to care for her own personal needs and understand and follow

---
[1] *See* Official Transcript, at 71.

1

simple instructions. She is able to perform simple jobs without complex instructions, and ones that do not involve working closely with others.

We have determined that her condition is not severe enough to keep her from working. We considered the medical and other information and work experience in determining how her conditions affect her ability to work.[2]

On May 10, 2016, the claimant requested reconsideration of her disability cessation.[3] On December 13, 2017, the claimant was notified by letter of the following:

You did not cooperate and do your best on mental/intellectual testing. As a result there is insufficient evidence in [the] file to determine the severity of your medical condition and whether you are currently disabled. Therefore, under Social Security Regulations, we cannot find that disability continues.[4]

After the claimant's request for reconsideration was denied, she requested a hearing before an administrative law judge ("ALJ").[5] On April 5, 2018, the Agency sent the claimant a "Notice of Hearing" that scheduled her hearing before the ALJ on July 11, 2018.[6] On June 27, 2018, the Agency sent the claimant a "Notice of Hearing – Important Reminder," which reminded the claimant that her ALJ hearing was scheduled on July 11, 2018.[7] The claimant failed to appear at her administrative

---

[2] Tr. at 96-98.
[3] Tr. at 89-92.
[4] Tr. 63-65.
[5] Tr. 59.
[6] Tr. 24-33.
[7] Tr. 23.

2

hearing before the ALJ. Because she did not appear, the ALJ issued an Order of Dismissal on July 19, 2018, which dismissed the claimant's request for a hearing and reinstated the prior determination that the claimant was not disabled.[8]

On September 10, 2018, the claimant completed a form to appeal the Appeal's Council's dismissal of her application for benefits. While this form is hand-dated September 10, 2018, there is no indication on this form that the form was actually received by the Appeals Council until October 22, 2018 (Tr. 22). A second request for review document, which appears to have been received by the Appeals Council, is dated October 18, 2018.[9]

On March 21, 2019, based upon the October 18, 2018 request for review, the Appeals Council dismissed the claimant's request for review because it was not timely filed.[10] In this denial, the Appeals Council explained that the claimant had sixty (60) days from the date that the Order of Dismissal was received to file a request for review. The date of receipt of the Order is presumed to be five (5) days after the date of the Order unless a reasonable showing to the contrary is made. Because the claimant was presumed to have received the Order of Dismissal five days after it was issued only July 19, 2018, the Appeals Council ruled that the

---

[8] Tr. 10-11.
[9] Tr. 20.
[10] Tr. 4-5.

submission of the request for review on October 18, 2018 was untimely, as it was more than 65 days after the issuance of the Order.

Considering the foregoing, the Appeals Council's decision became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. §405(g). The claimant then filed this action seeking review of the Appeal Council's decision.

## SUMMARY OF PERTINENT FACTS

The claimant began receiving SSI as a child on November 25, 2008. There is little evidence in the record explaining the basis for her disability, however it appears she obtained benefits for ADHD. The claimant was twenty-three at the time she was advised her disability benefits would cease. The claimant has twelve years of education and no work experience.[11] She alleges that she remains disabled because "she does not get along with other people [and] she has a bad temper. She can't read very well. She can't count money."[12]

## ANALYSIS

**A.     STANDARD OF REVIEW**

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the

---

[11] Tr. at 71.
[12] Tr. 82.

proper legal standards were used in evaluating the evidence.[12] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[13] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will only be found when there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[14]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[15] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.[16] Conflicts in the evidence and credibility assessments are for the Commissioner to

---

[12] *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

[13] *Villa v. Sullivan*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[14] *Hames v. Heckler*, 707 F.2d at 164 (quoting *Hemphill v. Weinberger*, 483 F.2d 1137. 1139 (5th Cir. 1973), and *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973)).

[15] 42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d at 173; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

[16] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Villa v. Sullivan*, 895 F.2d at 1021; *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Carey v. Apfel*, 230 F.3d at 135; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).

resolve, not the courts.[17] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[18]

**B.     Entitlement to Benefits**

The Disability Insurance Benefit ("DIB") program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[19] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is determined to be disabled is eligible to receive Supplemental Security Income ("SSI") benefits.[20]

The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

---

[17]     *Martinez v. Chater*, 64 F.3d at 174.

[18]     *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *Martinez v. Chater*, 64 F.3d at 174.

[19]     See 42 U.S.C. § 423(a).

[20]     42 U.S.C. § 1382(a)(1) & (2).

can be expected to last for a continuous period of not less than twelve months."[21] A claimant shall be determined to be disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[22]

### C. Evaluation Process and Burden of Proof

The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled. This process required the ALJ to determine whether the claimant (1) is currently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is able to do the kind of work he did in the past; and (5) can perform any other work at step five.[23] If it is determined at any step of that process that a claimant is

---

[21] 42 U.S.C. § 1382c(a)(3)(A).

[22] 42 U.S.C. § 1382c(a)(3)(B).

[23] 20 C.F.R. § 404.1520; see, e.g., *Wren v. Sullivan*, 925 F.2d at 125; *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

or is not disabled, the sequential process ends. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis."[24]

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity[25] by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the record.[26] The claimant's residual functional capacity is used at the fourth step to determine if he can still do his past relevant work and at the fifth step to determine whether he can adjust to any other type of work.[27]

The claimant bears the burden of proof on the first four steps.[28] At the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[29] This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by

---

[24] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 914 U.S. 1120 (1995) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).

[25] 20 C.F.R. § 404.1520(a)(4).

[26] 20 C.F.R. § 404.1545(a)(1).

[27] 20 C.F.R. § 404.1520(e).

[28] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[29] *Perez v. Barnhart*, 415 F.3d at 461; <i>Masterson v. Barnhart</i>, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

expert vocational testimony, or by other similar evidence.[30] If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[31] If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[32]

### D. THE APPEALS COUNCIL'S FINDINGS AND CONCLUSIONS

In the instant case, the merits of the claimant's disability claim were not reached by the Appeals Council, because the Appeals Council dismissed the claimant's request for review of SSA's disability cessation determination based on the untimeliness of her request. Furthermore, the record contains no information or documentation of the claimant's previously determined disability, other than a reference in the April 29, 2016 letter from SSA to the claimant advising her of benefits cessation, which states that the claimant alleges that she "continues to be disabled because of ADHD."[13]

The Commissioner argues that jurisdiction to consider the instant appeal is supported by the Supreme Court's decision in *Smith v. Berryhill*, 139 S.Ct. 1765

---

[30] *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

[31] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.

[32] *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992), citing *Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988). See, also, 20 C.F.R. § 404.1520(a)(4).

[13] Tr. 96.

(2019). In *Smith*, the petitioner applied for disability benefits under Title XVI in 2012; his claim was denied at the initial-determination stage and upon reconsideration. The petitioner then requested an ALJ hearing, which the ALJ held in February 2014 before issuing a decision denying Smith's claim on the merits in March 2014. The following facts of *Smith* are similar to the facts at issue in the instant matter, to wit:

> The parties dispute what happened next. Smith's attorney says that he sent a letter requesting Appeals Council review in April 2014, well within the 60-day deadline. The SSA says that it has no record of receiving any such letter. In late September 2014, Smith's attorney sent a copy of the letter that he assertedly had mailed in April. The SSA, noting that it had no record of prior receipt, counted the date of the request as the day that it received the copy. The Appeals Council accordingly determined that Smith's submission was untimely, concluded that Smith lacked good cause for missing the deadline, and dismissed Smith's request for review.

*Smith*, 139 S.Ct. at 1773.

Smith sought judicial review of that dismissal in the United States District Court for the Eastern District of Kentucky, where the district court held that it lacked jurisdiction to hear his suit. The United States Court of Appeals for the Sixth Circuit affirmed, maintaining that "an Appeals Council decision to refrain from considering an untimely petition for review is not a 'final decision' subject to judicial review in federal court." 880 F. 3d 813, 814 (2018).

Smith petitioned for certiorari, which the United States Supreme Court granted, and then reversed the decision of the Sixth Circuit, noting:

> The Appeals Council's review is discretionary: It may deny even a timely request without issuing a decision. See §416.1481. If a claimant misses the deadline and cannot show good cause, however, the Appeals Council does not deny the request but rather dismisses it. §416.1471. Dismissals are "binding and not subject to further review" by the SSA. §416.1472. The question here is whether a dismissal for untimeliness, after the claimant has had an ALJ hearing, is a "final decision ... made after a hearing" for purposes of allowing judicial review under § 405(g).
>
> [ . . . ]
>
> *We hold that where the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a "final decision ... made after a hearing" within the meaning of §405(g)*. The judgment of the United States Court of Appeals for the Sixth Circuit is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.

*Smith*, 139 S.Ct at 1780 (emphasis added). Relying on *Smith*, the undersigned believes this Court has jurisdiction to consider the issue before it.

As the Commissioner argues, after an adverse decision from an ALJ, a claimant has 60 days from the date of receipt of the ALJ's decision to request that the Appeals Council review the ALJ's decision. 20 C.F.R. §416.1468(a). The regulations provide that a claimant receives the notice five days after the date on the notice unless the claimant provides evidence to the contrary. 20 C.F.R. § 416.1401.

11

Thus, a claimant generally has 65 days to file a request for review with the Appeals Council.

In the instant matter, the ALJ issued the Order of Dismissal on July 19, 2018, which dismissed the claimant's request for a hearing and reinstated the prior determination that the claimant was not disabled. Thus, to be timely, the claimant must have requested review of this decision within 65 days, *i.e.*, no later than September 22, 2018.

The Appeals Council made a factual finding that the claimant filed her request for review of the ALJ's decision on October 18, 2018. This finding was based on the Request for Review of Hearing/Order dated October 18, 2018. The claimant alleges that she filed the Request for Review of Hearing/Order on September 10, 2018, because that is the handwritten date on that document. However, that document does not clearly indicate that the Appeals Council received the request for review on September 10, 2018. Thus, this Court must determine the date that the claim requested review of the ALJ's Order and determine whether that request was timely.

To be clear, there are two different documents that have been examined by the undersigned in making the determination as to whether the claimant timely filed her request for review. The claimant relies on Document No. 22 – a Request for Review of Hearing Decision – which contains a handwritten date of September 10,

2018. This document contains a blank to be filled out by the SSA showing receipt of the document by SSA. On Document 22, that line is blank. At the top of Document 22, there is a fax transmittal notification, which indicates that the document was faxed to SSA Lafayette on October 22, 2018. For comparison purposes – and to support its argument that SSA did not timely receive the claimant's request for review – the Commissioner refers the Court to Document Number 59, which is a "Request for Hearing by an ALJ," a document the claimant had previously filled out in requesting a hearing before an ALJ. While the handwritten date on this document is December 22, 2017, the blank which indicates that document was received by SSA is filled in, showing a receipt date of December 22, 2017. This document also contains a fax transmittal notification at the top of the page, which indicates that the document was faxed to SSA Lafayette on January 31, 2018.

    The Commissioner argues that the absence of an indication that the SSA received the Request for Review dated September 10, 2018 is conclusive proof that the SSA did not receive the claimant's Request for Review on September 10, 2018, and that the only conclusive proof that the SSA had notice of the request for review is the second request for review, which the Commissioner argues was received by SSA on October 18, 2018. A receipt of the request for review on this date would make the request untimely.

13

While the claimant argues that her request was, in fact, timely, she nevertheless argues that the instant lawsuit is her last resort in her attempt to continue to receive her benefits, and that circumstances support a finding by this Court that she should have been granted another ALJ hearing date. Among these circumstances are her lack of transportation to her hearing before the ALJ on July 11, 2018, and the fact that her mother was upset with her and refused to assist her in her efforts to obtain benefits, which led to her grandmother taking her to the local social security office on September 10, 2018 to complete her request for review.

In her brief, the claimant argues that the ALJ committed the following errors: (1) failure to assist, essentially arguing that the claimant was unable to handle the process of requesting review by herself, and that this failure should have excused her from timely filing her appeal, or should have at least gotten her a second ALJ hearing date; (2) failure to the develop the record, essentially arguing that the ALJ did not adequately follow up on the opinion of the consultative examiner, who indicated a lack of effort on the part of the claimant; and (3) untimely appeal, arguing that the claimant's appeal was, in fact, lodged on September 10, 2018, within the delays allowed. The Commissioner does not address any issue except for the untimeliness of the claimant's appeal, and urges this Court to only address that issue, as it was the only issue ruled on by the Appeals Council.

The Commissioner's argument is well-taken. In *Smith*, the petitioner argued that if a reviewing court disagrees with the procedural ground for dismissal, it can then proceed directly to the merits, while the defendant argued that the proper step in such a case would be to remand. The Court agreed with the defendant, noting:

> To be sure, there would be jurisdiction for a federal court to proceed to the merits in the way that Smith avers. For one, as noted above, exhaustion itself is not a jurisdictional prerequisite. See *supra*, at 1773 – 1774. Moreover, §405(g) states that a reviewing "court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"—a broad grant of authority that reflects the high "degree of direct interaction between a federal court and an administrative agency" envisioned by § 405(g). *Hudson*, 490 U.S. at 885, 109 S.Ct. 2248. In short, there is no jurisdictional bar to a court's reaching the merits.
>
> Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question. See, *e.g.*, *INS v. Orlando Ventura*, 537 U.S. 12, 16, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (*per curiam*); *ICC v. Locomotive Engineers*, 482 U.S. 270, 283, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987); cf. *SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ("For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency"). The Court's cases discussing exhaustion in the Social Security context confirm the prudence of applying this general principle here, where the agency's final decisionmaker has not had a chance to address the merits at all. See *City of New York*, 476 U.S. at 485, 106 S.Ct. 2022 ("Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context"); *Salfi*, 422 U.S. at 765, 95 S.Ct. 2457 (explaining that exhaustion serves to "preven[t]

> premature interference with agency processes" and to give the agency "an opportunity to correct its own errors," "to afford the parties and the courts the benefit of its experience and expertise," and to produce "a record which is adequate for judicial review"). *Accordingly, in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance.*

*Smith,* 139 S. Ct. at 1779–80 (emphasis added) (internal footnotes omitted).

In the instant case, the procedural ground that was the basis for the Appeals Council dismissal was the untimeliness of the claimant's request for review of the ALJ's July 10, 2018 Order dismissing her claim for benefits. Due to the discrepancy in the dates on the documents in the record, the undersigned finds that there is not substantial evidence to support the decision that petitioner filed her request untimely. The undersigned therefore recommends that this matter be remanded to the Agency for the Commissioner to address the substantive issues regarding petitioner's claimed disability.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned finds that there is not substantial evidence to support the decision that petitioner filed her request untimely. Accordingly,

**IT IS THE RECOMMENDATION** of the undersigned that this matter be **REMANDED** to the Agency for the Commissioner to address the substantive issues regarding petitioner's claimed disability.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 12th day of November, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE